MORGAN, LEWIS & BOCKIUS LLP
Lisa Weddle, State Bar No. 259050
lisa.weddle@morganlewis.com
Betty Luu, State Bar No. 305793
betty.luu@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PHILLIP WONG, an individual, and FAMILY PRODUCE, INC., a California Corporation,

Plaintiffs,

vs.

BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:20-cv-05031

[Los Angeles County Superior Court, Case No. 20STCV17450]

**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANT BMW OF NORTH AMERICA, LLC**

[28 U.S.C. §§ 1332, 1441, and 1446]

*[Notice of Appearance; Corporate Disclosure Statement of BMW of North America, LLC and Certification of Interested Parties; Declaration of Betty Luu filed concurrently herewith]*

Date Action Filed: May 7, 2020

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendant BMW of North America, LLC ("BMW NA") hereby removes the above-entitled action (the "Action") from the Superior Court of the State of

California in the County of Los Angeles, to the United States District Court in the Central District of California, Western Division. In support of this removal, BMW NA states the following:

## I. REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A. Procedural Background

1. On May 7, 2020, Plaintiffs Phillip Wong and Family Produce, Inc. ("Plaintiffs") commenced this action by filing an unverified Complaint for Damages and other relief in the Superior Court of the State of California, for the County of Los Angeles, entitled *Phillip Wong, an individual, and Family Produce, Inc., a California Corporation vs. BMW of North America, LLC, et al.*, Case No. 20STCV17450 ("Complaint").

2. The Complaint alleges four causes of action: (1) Violation of Song-Beverly Act – Breach of Express Warranty; (2) Violation of Song-Beverly Act – Breach of Implied Warranty; (3) Violation of Song-Beverly Act Section 1793.2; and (4) Violation of the Song-Beverly Act Section 1793.22 – Tanner Consumer Protection Act related to Plaintiffs' lease of a 2017 BMW x5 ("Subject Vehicle"). Exhibit ("Exh.") A, Complaint at ¶¶ 16-75.

3. Plaintiffs allege they leased the Subject Vehicle and that they "are entitled to reimbursement of the price paid for the [Subject] [V]ehicle….incidental, consequential and general damages….attorney's fees….a civil penalty up to two times the amount of actual damages…." Exh. A, Complaint at ¶¶ 26-29, 39-41, 51-55, 65-69, Prayer for Relief 1 through 7.

4. Plaintiffs leased the Subject Vehicle for a total of $58,933.06, and seeks to rescind it. Exh. A, Complaint at ¶¶ 40, 52, 66.

5. Plaintiffs also seek incidental damages, consequential damages, and prejudgment interest. Exh. A, Complaint at ¶¶ 26-29, 39-41, 51-55, 65-69, Prayer for Relief 1 through 7.

6. Thus, the amount in controversy exceeds $75,000 based on Plaintiffs'

claimed damages, statutory civil penalties, and attorneys' fees. Future attorneys' fees are included when calculating a reasonable estimate of plaintiff's attorneys' fees. *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (2018).

7. BMW NA was served with the Summons and Complaint on May 8, 2020, via CT Corporation System, BMW NA's registered agent for service of process.

8. Pursuant to the provision of 28 U.S.C. § 1446(a), BMW NA attaches to this Notice and incorporates by reference **Exhibit A**, which include true and correct copies of the Complaint and all accompanying documents served with the Complaint upon BMW NA as well as all process, pleadings, and orders that have been filed in this action.

**B. <u>This Court Has Subject Matter Jurisdiction Based on Complete Diversity of the Opposing Parties</u>**

9. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed by BMW NA pursuant to 28 U.S.C. § 1441(a) and (b). The requirements for diversity jurisdiction are met here because this is a civil action with an amount in controversy exceeding $75,000, exclusive of interest and costs, and is between citizens of different states.

**i. The Amount in Controversy Exceeds $75,000**

10. The first requirement for diversity jurisdiction is that the amount in controversy must exceed the sum of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). In determining whether a complaint meets the $75,000 threshold amount set forth in 28 U.S.C. § 1332(a), a court must consider the aggregate amount of all the claims, not the amount involved in each individual claim. *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and, therefore, claims of single Plaintiffs are aggregated in order to satisfy amount in controversy).

11. The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive this Court of jurisdiction. *See Banta v. Am. Med. Response Inc.*, 2011 U.S. Dist. LEXIS 77558, at 4 (C.D. Cal. July 15, 2011) (defendant may remove suit to federal court notwithstanding the failure of Plaintiffs to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiffs could avoid removal simply by declining to place a specific dollar claim upon its claim"); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (holding that Plaintiffs' damage claim, including lost wages, lost earning capacity, medical expenses, emotional distress, and attorneys' fees, was enough to put the amount in controversy above $75,000).

12. It is well established that [t]he amount-in-controversy allegation "is accepted if made in good faith." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). To satisfy the amount-in-controversy requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. Similarly, the amount-in-controversy allegation of a defendant seeking federal-court adjudication "should be accepted when not contested by the Plaintiffs or questioned by the court." *Id*. Thus, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000, exclusive of interest and costs. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

13. Here, although BMW NA denies that it is liable for any amount of damages, the amount in controversy based on Plaintiffs' claims and allegations in the Complaint, exceeds $75,000 exclusive of interest and costs. Plaintiffs allege BMW NA violated the Song-Beverly Consumer Warranty Act and seeks reimbursement for all amounts paid under the lease for the Subject Vehicle. *See* Exh. A, Complaint at ¶¶ 26, 39, 51, 65. Plaintiffs leased the Subject Vehicle for $58,933.06. *See* Declaration of Betty Luu ("Luu Dec.") at ¶ 2, Exh. A.

14. Plaintiffs also seeks a civil penalty under the Song-Beverly Act that could amount to two times Plaintiffs' actual damages, which is $117,866.12, for damages of at least $176,799.18, in addition to incidental damages, consequential damages, and attorneys' fees. Exh. A, Complaint at Prayer for Relief 1 through 7. Thus, the amount of controversy exceeds $75,000.00 based on Plaintiffs' claimed damages, statutory civil penalties, and attorneys' fees.

15. A reasonable estimate of the Plaintiffs' attorneys' fees can be included in the amount in controversy for claims made under the Song-Beverly Consumer Warranty Act. *Brady v. Mercedes-Benz USA*, 243 F.Supp.2d, 1004, 1010 (2002); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Additionally, there is no longer a split in authority regarding the proper calculation of attorneys' fees for purposes of determining the amount in controversy. The courts have determined that future attorneys' fees – not just attorneys' fees as of the date of removal – are included when calculating a reasonable estimate of a Plaintiffs' attorneys' fees. *See Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). In this case, plaintiff's counsel's requested fees can exceed $30,000 in automotive warranty actions, such as the instant action. Thus, the amount in controversy exceeds $75,000. Luu Dec. at ¶ 3, Exhs. B and C.

16. Likewise, the court in *Brady* specifically held that "there is good reason to include the Song–Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy." *Brady*, *supra*, 243 F.Supp.2d at p. 1009. The Song-Beverly Act's civil penalty differs in at least two respects from punitive damages. First, the Song-Beverly civil penalty is capped at two times the Plaintiffs' actual damages. Cal. Civ. Code § 1794(c). By contrast, there is no specific limit on the amount of punitive damages that can be awarded in an action and thus they are necessarily more speculative. *See College Hospital, Inc. v. Superior Court*,

8 Cal.4th 704, 712 (1994). Second, the standards of proof are different. While punitive damages require a Plaintiff to prove with clear and convincing evidence that the defendant acted with malice, oppression, or fraud, in order to obtain civil penalties under the Song-Beverly Act, the Plaintiffs must prove by a preponderance of the evidence that the defendant willfully failed to repurchase the vehicle. *See* CACI 3948, CACI 3244 (revised May 2018[1]). The heightened evidentiary standard also makes punitive damages awards more speculative. Thus, the amount in controversy exceeds $75,000 and the jurisdictional amount needed to establish diversity jurisdiction is met.

**ii. Complete Diversity Exists**

17. The second requirement, complete diversity of citizenship, is met when all Plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a)(1). Removal of such an action is appropriate when no defendant is a citizen of the same state in which the action was originally brought. 28 U.S.C. § 1441(a), (b). As outlined below, the diversity requirements are met because Plaintiffs are citizens of the state of California and Defendant BMW NA is a citizen of the states of Delaware and New Jersey.

18. Plaintiff Phillip Wong is a natural person and citizen of California. For purposes of diversity, a natural person is a "citizen" of the state which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).

19. As established by the address listed for Plaintiff Phillip Wong on the lease agreement, repair orders, and public background check. *See* Luu Dec. at ¶¶ 2 and 4, Exhs. A and D(providing a California address and telephone number for Plaintiff Phillip Wong). Plaintiff Phillip Wong's intent to make California his permanent home is evidenced by his driver's license information and address history

---

[1] CACI 3244 as revised defines "willful" in the context of a Song-Beverly claim as the defendant "knew of [its] legal obligations and intentionally declined to follow them."

in the public background check, which shows he has had a California address for nearly 20 years. *Dejong v. Production Associates, Inc.*, Case No. CV-14-02357 MMM (DTBx), 2015 WL 1285282, at 5 (C.D. Cal. Mar. 19, 2015) (a public background check may suffice to evidence plaintiff's citizenship).

20. Plaintiff Family Produce, Inc. is a defunct corporation that is a citizen of California. "The Ninth Circuit has not set forth a test for determining the citizenship of an entity whose corporate status has expired. Other courts, however, have announced three different tests." (citations omitted)).). *Camelot Entertainment Inc. v. Incentive Capital LLC,* No. CV-11-2323-GAF (JEMx), 2011 WL 13220311 (C.D. Cal. May 2, 2011). In the first test, "courts look to the corporation's state of incorporation and its last principal place of business." *Id.* In the second test, "courts look only to the state of incorporation." *Id.* "In the third test, courts "adopt a more flexible and functional approach, holding that when a substantial period of time has elapsed since a corporation was active, its citizenship reverts to include only its state of incorporation (although the place of a corporation's last transactions is still relevant)." (citations omitted)).). *Id.; see also Lopez v. Nationstar Mortgage LLC*, No. CV-15-03288-MWF (AJWx), 2015 WL 6478263, at 3 (C.D. Cal., Oct. 26, 2015)(citing *Parker v. Moore*, No. C-08-1896-PJH, 2008 WL 2220613, at 1 (N.D. Cal. May 27, 2008)("While the Ninth Circuit has never expressly weighed in on the proper way to treat a defunct corporation for diversity purposes, fellow district courts in this circuit have. As those district court decisions have noted, there is a three-way split on the proper test for the citizenship of a defunct corporation. Some courts look to both the state of incorporation and to the state of the corporation's last business activity. Other courts hold that an inactive, or defunct, corporation has no 'place of business' and is therefore a citizen only of its state of incorporation. Still other courts adopt a more flexible and functional approach, holding that when a substantial period of time has elapsed since a corporation was active, its citizenship reverts to include only its state of incorporation (although the place of a corporation's last transactions

is still relevant).” (citations omitted)).).

21. Under the first test, Plaintiff Family Produce, Inc. is a citizen of California because its state of incorporation was and is California as established by the Articles of Incorporation, Statement of Information, and Certificate of Dissolution filed with California’s Secretary of State. Complaint at ¶ 2; Luu Dec. at ¶ 5, Exh E. Further, its last principal place of business was California as evidenced by the following:

a. Corporation’s Facebook page with a “Find Us” address in Fresno, California and contact number with a Fresno, California area code. Luu Dec. at ¶ 6, Exh. F.

b. Image from Google Maps of the corporation’s physical principal place of business located in Fresno, California. Luu Dec. at ¶ 7, Exh. G.

c. Experian Commercial Credit Score showing a California address for the corporation’s headquarters and the existence of one executive, Plaintiff Phillip Wong, who is also a citizen of California. Luu Dec. at ¶ 8, Exh. H.

d. Onestop Report showing the address of corporation’s decision headquarters in Fresno, California. Luu Dec. at ¶ 9, Exh. I.

e. Statement of Information placing the corporation’s Chief Executive Officer, Secretary, Chief Financial Officer, Director and agent for service of process all in California. Luu Dec. at ¶ 5, Exh. E.

f. Business Report showing the corporation’s UCC filings in California. Luu Dec. at ¶ 10, Exh. J.

*Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (“We conclude that ‘principal place of business’ is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's “nerve center.” And in practice it should normally be the place where the corporation maintains its headquarters —provided

that the headquarters is the actual center of direction, control, and coordination…”).

22. Under the second test, Plaintiff Family Produce, Inc. is a citizen of California because its state of incorporation is and was California as established by the Articles of Incorporation, Statement of Information, and Certificate of Dissolution filed with California’s Secretary of State. Complaint at ¶ 2; Luu Dec. at ¶ 5, Exh. E.

23. Under the third test, Plaintiff Family Produce, Inc. is a citizen of California because its principal place of business, last business activity, and state of incorporation is and was in California. *Harris v. Black Clawson Co.*, 961 F.2d 547, 551 (5th Cir. 1992) (if a corporation has been inactive for a substantial period of time (i.e. 5 years), it is a citizen of where it is incorporated. Otherwise, the courts examine the company’s last business activity to determine whether the company had a continuing impact in the area. If so, the company’s last business activity is “relevant to determine its principal place of business, it is not dispositive.”).); Luu Dec. at ¶¶ 5, 6, 7, 8, 9 and 10, Exhs. E, F, G, H, I ,and J. When Plaintiffs commenced this action, Plaintiff Family Produce, Inc. was a defunct corporation having dissolved on November 11, 2019. Complaint at ¶ 2; Luu Dec. at ¶ 5, Exh. E. Prior to dissolution, Plaintiff Family Produce, Inc. did business only in California and held its principal place of business in California. Luu Dec. at ¶¶ 5, 6, 7, 8, 9 and 10, Exhs. E, F, G, H, I, and J. Therefore, at the time of its dissolution, Plaintiff Family Produce, Inc.’s last business activity likely occurred in California. Accordingly, its principal place of business remained in California. Luu Dec. at ¶¶ 5, 6, 7, 8, 9 and 10, Exhs. E, F, G, H, I, and J.

As outlined above, under any of the three tests, Plaintiff Family Produce, Inc. is a citizen of California. It is and was incorporated in California, and its principal place of business is and was in California. Complaint, ¶ 2; Luu Dec. at ¶¶ 5, 6, 7, 8, 9 and 10, Exhs. E, F, G, H, I, and J.

24. For purposes of diversity, a corporation is deemed to be a citizen of (1)

the state under whose laws it is organized; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1). The citizenship of "Doe" defendants, however, is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that, for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

25. Defendant BMW NA is a privately held Delaware limited liability company with its principle place of business located in Woodcliff Lake, New Jersey. BMW NA is a wholly owned subsidiary of BMW (US) Holding Corp., which is the sole member of BMW NA, and it is incorporated under the laws of Delaware, and has its headquarters and principal place of business in the State of New Jersey. Accordingly, BMW NA is a citizen of Delaware and New Jersey, *not* California. *See* 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); BMW NA's Corporate Disclosure Statement.

26. Therefore, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and the Action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

**C. <u>All Additional Prerequisites for Removal Are Satisfied</u>**

27. Removal was timely. On June 5, 2020 without conceding that service of the Complaint was effective for purposes of 28 U.S.C. § 1446(b), BMW NA timely filed its Notice of Removal under that section's requirement that it be filed within thirty (30) days of completion of service of the Complaint upon BMW NA. BMW NA was served on May 8, 2020, so the last day to file the Notice of Removal is June 8, 2020. No previous Notice of Removal had been filed or made with this Court for the relief sought herein.

28. Venue is proper in this Court because the Action is pending in the County of Los Angeles, California, and the United States District Court for the

Central District of California, Western Division is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

29. A copy of this Notice of Removal is being promptly served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles, as required by 28 U.S.C. § 1446(d).

30. BMW NA has not sought similar relief.

31. If any question arises as to the propriety of the removal of this Action, BMW NA respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

For the forgoing reasons, Defendant BMW NA respectfully requests that this action be removed from the Superior Court of the State of California, for the County of Los Angeles to the United States District Court in the Central District of California, and that all future proceedings in this matter take place in that District Court.

Dated: June 5, 2020

MORGAN, LEWIS & BOCKIUS LLP
Lisa Weddle
Betty Luu

By /s/ Betty Luu
Betty Luu
Attorneys for Defendant,
BMW of North America, LLC

**PROOF OF SERVICE**

I, Tyler Patton, declare:

I am a citizen of the United States and employed in the City and County of Los Angeles, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 300 South Grand Avenue Twenty-Second Floor, Los Angeles, CA 90071-3132.

On June 5, 2020, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANT BMW OF NORTH AMERICA, LLC**

☒ **BY ELECTRONIC SERVICE:** the parties listed below were served electronically with the documents(s) listed above by e-mailed PDF files. The transmission was reported as complete and without error. My electronic notification address is 300 S. Grand Avenue, 22nd Floor, Los Angeles, CA 90071. My email address is tyler.patton@morganlewis.com

Kevin Y. Jacobson, Esq.
QUILL & ARROW, LLP
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA 90024
Telephone: 310.933.4271
Facsimile: 310.889.0645
kjacobson@quillarrowlaw.com

*Attorney for Plaintiffs, Phillip Wong and Family Produce, Inc.*

Executed on June 5, 2020 at Los Angeles, California.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Tyler Patton